The Attorney General coming and admitting the facts as above set forth and setting forth that measuring the damages under the Workmen's Compensation Act that claimant ought to be allowed the sum of $4,175.00.

This court therefore recommends that claimant be allowed the sum of Four Thousand One Hundred Seventy-five ($4,-175.00) Dollars.

(No. 1495— ▮▮▮▮▮)

M. S. COLEMAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1929.*

M. S. COLEMAN, pro se.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

Now on this 9th day of May, A. D. 1929, in open court the court sustained the demurrer filed by the Attorney General herein. The case is, therefore, dismissed on the ground that this claimant has received his full wage as provided for in the Civil Administrative Code of the State of Illinois.

(No. 1496— ▮▮▮▮▮)

FRED S. PFAHLER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1929.*

FRED S. PEAHLER, pro se.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

Now on this 9th day of May, A. D. 1929, in open court the court sustained the demurrer filed by the Attorney General

herein. The case is, therefore, dismissed on the ground that this claimant has received his full wage as provided for in the Civil Administrative Code of the State of Illinois.

(No. 1497—)

WOODS BROTHERS CONSTRUCTION COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 17, 1929.*

NEWTON JENKINS, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

This claimant, on or about January 5, 1928, entered into a contract with the respondent herein for the construction of a culvert, known as the Gum Creek Culvert, over the Illinois and Michigan Canal, in the City of Marseilles, in the County of LaSalle and State of Illinois, at actual and necessary cost, plus 15% thereof. In accordance with the terms of said contract the claimant herein constructed said culvert at a net expense to itself including the 15% over and above actual cost, of $5,219.97.

It appears from the records and files of the Division of Waterways filed in this cause that the claimant did construct said culvert in accordance with its contract with the respondent, the engineers of the Division of Waterways having approved all of said works it appears that the claimant herein is entitled to the amount asked. The same has also been approved by Honorable H. H. Kóhn, Director of Purchases and Construction, and Honorable Oscar E. Carlstrom, Attorney General.

We, therefore, recommend that this claim be allowed in the sum of $5,219.97.